UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CESAR LOPEZ.<br><br>　　　　　Defendant. | No. 1:09-cr-00299-JLT<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)<br><br>(Doc. 212) |

Before the Court is Defendant Cesar Lopez's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) ("§ 3582"), in accordance with the United States Sentencing Guidelines ("USSG") § 1B1.10(b)(1) and Amendment 782 to the USSG. (Doc. 212.) The government opposed this motion, (Doc. 219), and Defendant did not file a reply.

**BACKGROUND**

On June 23, 2010, Lopez pled guilty to one charge of Possession with Intent to Distribute Methamphetamine and Aiding and Abetting in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. (Doc. 82 at 2.) In Lopez's plea, he admitted to possession with intent to distribute at least 14 pounds, or 6.35 kilograms, of "ice" methamphetamine. (*Id*. at ¶ 6.) Considering all relevant factors, including the amount of methamphetamine involved, as well as Lopez's leadership role in the drug trafficking organization, possession of a firearm in connection with the offense, acceptance of responsibility, and career offender status, the Presentence Report

("PSR") calculated Lopez's base offense level as 38, adjusted offense level as 39, criminal history as a category VI, and guidelines range as 360 months to life in prison. (Doc. 224 at 5.) The PSR also notes that Lopez is a career offender within the meaning of USSG § 4B1.1 due to two prior felony convictions for controlled substance offenses. (*Id*. at 12.) The Court subsequently adopted the PSR's offense level and criminal history category and sentenced Lopez to 216 months in prison. (Docs. 159 at 2; 216.)

## LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). The Supreme Court has emphasized that § 3582(c)(2) permits "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon*, 560 U.S. at 826.

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. First, a district court must determine whether a retroactive amendment would result in a lower guidelines range. *United States v. Mercado-Moreno*, 869 F.3d 942, 948–49 (9th Cir. 2017). If so, the court must determine whether the authorized reduction is warranted, either in whole or in part, after considering the factors set forth in 18 U.S.C. § 3553(a) and the particular circumstances of the case. *Id*.; *see also Dunn*, 728 F.3d at 1155; *Dillon*, 560 U.S. at 826–27.

To determine whether the retroactive amendment would result in a lower guidelines range, it is necessary to apply the drug quantity attributable to the defendant to the quantities applicable in the amended guidelines. *Mercado-Moreno*, 869 F.3d at 957. If the sentencing court made a specific finding regarding the total quantity of drugs for which the defendant was responsible, or

if the defendant admitted to a specific total quantity, the court considering a sentence reduction is bound by the previously determined drug quantity. *Id*. If the court is not bound by such a prior determination because the drug quantity finding at the original sentencing is ambiguous or incomplete, it may make supplemental findings of drug quantity. Supplemental findings may not be inconsistent with any factual determinations made by the original sentencing court. *Id*.

## ANALYSIS

### A.     Qualification for Reduced Guidelines Range under Amended Guidelines

Lopez does not qualify for a reduced guidelines range because he admitted to a quantity of drugs that would not lower his offense level under Amendment 782. *See* U.S.S.G. § 1B1.10(a)(1) (2014) (a court is not authorized to reduce a prisoner's sentence if none of the amendments in subsection (c) is applicable to the petitioner or if an amendment listed in subsection (c) "does not have the effect of lowering the defendant's applicable guideline range."). Lopez admitted in his plea agreement that his offense involved over six kilograms of "ice" methamphetamine. After Amendment 782, this amount of methamphetamine still results in a base offense level of 38 and a guidelines range of 360 months to life due to Lopez's criminal history category and career offender status. USSG § 2D1.1(c); *see also United States v. Ramirez*, No. CR 06-00283 RGK-3, 2018 WL 11236765 at *1 (C.D. Cal. June 12, 2018). Because application of Amendment 782 does not lower Lopez's guidelines range, he is ineligible for relief. *See Dillon*, 560 U.S. at 826–827; *Ramirez*, 2018 WL 11236765. Furthermore, even assuming Lopez would qualify for the requested reduction, he is not eligible for relief because the amended guidelines range would be far higher than his current 216-month term of imprisonment. *United States v. Ornelas*, 825 F.3d 548, 550 (9th Cir. 2016) ("if the defendant's term of imprisonment is less than the minimum of the amended guideline range, then the defendant is ineligible for a sentence reduction.")

### B.     § 3553(a) Factors

Because Lopez does not qualify for a guidelines reduction, the Court need not analyze the § 3553(a) factors in this case.

/////

/////

3

**CONCLUSION**

For the reasons explained above:

1. Defendant Lopez's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 212) is DENIED.

IT IS SO ORDERED.

Dated:   **July 15, 2022**

　　　　　　　　　　　　　　　　　　　　　　　_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE